# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** <br> (For **Revocation for Supervised Release**) |
| v. | Case Number:  04-cr-00153-LTB-01 |
| | USM Number:  32531-013 |
| GERALD SMALL, III | Ronald Gainor, Appointed <br> (Defendant's Attorney) |

**THE DEFENDANT:**  Was found guilty of violations 4 through 21 after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 4 | Failure to Notify the Probation Officer at Least Ten Days Prior to Any Change in Residence | 05/2012 |
| 5 | Falsifying Monthly Written Supervision Reports | 05/04/2012 |

  The defendant is sentenced as provided in pages 3 through 8 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

  The government has withdrawn violations 1, 2, and 3 and the defendant is discharged as to such violations.

  It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

  It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

November 14, 2012 and November 15, 2012
Date of Imposition of Judgment

s/Lewis T. Babcock
Signature of Judge

Lewis T. Babcock, Senior U.S. District Judge
Name & Title of Judge

November 20, 2012
Date

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 6 | Failure to Notify the Probation Officer at Least Ten Days Prior to Any Change in Employment | 09/15/2011 |
| 7 | Acting as an Investment Advisor for Third Parties; Engaging in Business Involving the Purchase or Sale of Securities or Commodities; and/or Engaging in Business Involving the Provision of Public or Private Financing, Financial Investment, Business or Investment Opportunities, or Investments; Without Permission | 10/2011 |
| 8 | Failure to Provide Access to Any Requested Financial Information and Failure to Follow Instructions of Probation Officer | 11/5/2011 |
| 9 | Making False Statements to the Probation Officer | 05/2012 |
| 10 | Making False Statements to the Probation Officer | 11/15/2011 |
| 11 | Making False Statements to the Probation Officer | 11/21/2011 |
| 12 | Making False Statements to the Probation Officer | 12/08/2011 |
| 13 | Making False Statements to the Probation Officer | 12/21/2011 |
| 14 | Making False Statements to the Probation Officer | 01/18/2012 |
| 15 | Making False Statements to the Probation Officer | 03/06/2012 |
| 16 | Making False Statements to the Probation Officer | 03/08/2012 |
| 17 | Acting as an Investment Advisor for Third Parties; Engaging in Business Involving the Purchase or Sale of Securities or Commodities; and/or Engaging in Business Involving the Provision of Public or Private Financing, Financial Investment, Business or Investment Opportunities, or Investments; Without Permission | 04/2012 |
| 18 | Falsifying Monthly Written Supervision Reports | 04/10/2012 |
| 19 | Failure to Document All Income or Compensation Generated or Received and Failure to Provide Information about All Income and Compensation to the Probation Officer | 05/2012 |
| 20 | Falsifying Monthly Written Supervision Reports | 05/04/2012 |
| 21 | Falsifying Monthly Written Supervision Reports | 04/10/2012 |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of twenty-four (24) months on each of Counts 4 and 8 of his underlying conviction, to run concurrently, and twelve (12) months on Count 2 of his underlying conviction, to run consecutively, for a total term of thirty-six (36) months.

The Court recommends that the Bureau of Prisons designate defendant to a facility outside of Colorado.

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By_____
Deputy United States Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of twenty-four (24) months.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The drug testing condition required by 18 U.S.C. § 3563(a)(5) is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the court's judgment and sentence.

2) As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.

3) The defendant shall submit to financial monitoring by, or at the direction of, the probation officer.

4) The defendant shall not cause or induce anyone to conduct any financial transaction on his behalf or maintain funds on his behalf.

5) The defendant shall document all income, compensation and financial support generated or received from any source and provide such information to the probation officer as requested.

6) Any employment for the defendant shall be approved in advance by the probation officer. The defendant shall not be employed by any family member or known associate without permission of the probation officer.

7) The defendant shall not act as fiduciary or investment advisor for third parties; engage in business involving telemarketing, or the purchase or sale of securities, commodities; engage in the provision of public or private financing, financial investment, or business or investment opportunities, or investments; without permission from the probation officer. The defendant shall perform no function or duties related to real estate investment or development and shall not provide any advice pertaining to real estate investment, development, purchases, valuations, or appraisals, including to family and associates, without permission of the probation officer.

8) The defendant shall not engage in any business activity unless approved in advance by the probation officer. All approved business activity must operate under a formal, registered entity, and the defendant shall provide the probation officer with all requested information pertaining to the business entities and their registered agents. The defendant shall maintain business records

      for any approved business activity in which he engages, including maintaining records of client financial transactions and client contracts, and provide all documentation and records as requested by the probation officer.

9) The defendant shall provide all requested documentation to the probation officer regarding any of his business activities, including but not limited to business bank statements; business tax returns; annual, quarterly and monthly financial statements; quarterly estimated tax payments; articles of incorporation; partnership agreements; sales, property, and payroll documentation; list of business customers and business vendors; billing statements to customers and vendor invoices; client contracts; equipment purchase agreements or leases; real estate escrow statements and real estate leases for any business properties; business insurance policies; business telephone bills; and samples of business advertisements.

10) The defendant shall maintain separate personal and business finances and shall not co-mingle personal and business funds in any financial accounts, including but not limited to bank accounts and lines of credit.

11) The defendant shall not register any new business entity, foreign or domestic, without the approval of the probation officer.

12) The defendant shall not open or maintain any foreign holdings, including but not limited to foreign bank accounts, real estate, or investments.

13) The defendant shall not conduct any foreign financial transactions without the approval of the probation officer.

14) The defendant shall not engage in any gambling activities either privately, in a casino, or on the internet.

## MONETARY OBLIGATIONS

      The defendant is ordered to pay the balance of the restitution outstanding in accordance with the directives of the judgment order for the defendant's underlying sentence.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order: (1) restitution principal.